UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TARA HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:15-cv-01522-SGC ) |
| KOLLER ENTERPRISES, *d/b/a Koller-Craft South*, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On September 28, 2015, Defendant Koller Enterprises, Inc. ("Defendant") filed a motion to dismiss. (Doc. 6). Plaintiff Tara Henderson ("Plaintiff") responded (Doc. 16), and Defendant replied (Doc. 23). For the reasons that follow, the motion to dismiss will be denied.

I.     **BACKGROUND AND RELEVANT FACTS**

On September 3, 2015, Plaintiff filed this action seeking a declaration that she is entitled to recover against Defendant as a successor to liability incurred by Mid-South Electronics, Inc. ("Mid-South"). (Doc. 17-1 at 2).[1] Plaintiff began working for Mid-South in 1992 and remained employed there until she was fired on September 14, 2012. (Doc. 17-1 at 2). On September 27, 2012, Plaintiff filed an EEOC charge, alleging race and sex discrimination. (*Id.*). Plaintiff claims she was fired for being "out of work" when, in fact, she was absent due to a serious

---

[1] The initial complaint in this matter was filed on September 3, 2015. (Doc. 1). On October 14, 2015, Plaintiff filed a notice through which she sought to correct the complaint regarding a single, typographical error pertaining to a date. (Doc. 17). She attached a "Corrected Complaint" to this filing. (Doc. 17-1). The court construes Plaintiff's submission as a motion to amend the complaint. The motion is **GRANTED.** Plaintiff is **ORDERED** to file the amended complaint (the "Complaint") (Doc. 17-1) as a separate document in CM/ECF within fourteen (14) days of the entry of this order.

medical condition.  (*Id.* at 2-3).  Plaintiff alleges she informed Mid-South she was taking FMLA leave because of her condition before she was fired.  (*Id.* at 3).

On March 31, 2013, Defendant purchased the assets of Mid-South.  (*Id.*).  As part of the sale, Defendant was made aware of Plaintiff's EEOC charge and the allegations it contained.  (*Id.*).  Defendant took over the operations of Mid-South and continued operating the facility without interruption.  (*Id.*).  According to Defendant's website, its Gadsden, Alabama facility "has been in continuous operation for over 40 years providing plastic injection molding and electromechanical/mechanical assembly services to the Appliance, Automotive, Lighting, Telecommunications and Lawn & Garden industries."  (*Id.*)  Defendant produces the same or similar products to the ones Mid-South produced.  (*Id.*).  Several employees were retained after the sale.  (*Id.*).  A former Mid-South Vice President stated, "[T]he majority of people stayed over."  (*Id.* at 3-4).  This included supervisors and salaried and hourly employees.  (*Id.* at 4).

On June 21, 2013, Plaintiff filed suit against Mid-South, asserting several claims, including violations of the Family and Medical Leave Act, 28 U.S.C. § 2611 *et seq*. ("FMLA").  *See Henderson v. Mid-South Electronics, Inc.*, No. 4:13-cv-01166-KOB (N.D. Ala. *filed* June 21, 2013).[2]  *Henderson I* was pending at the time this action was filed.  At a pretrial conference in *Henderson I*, Plaintiff's counsel learned from Mid-South's counsel that Mid-South would likely have "little or no ability" to provide relief in the event of a judgment in Plaintiff's favor.  (Doc. 17-1 at 5).  Plaintiff alleges Defendant attempted in its sale contract with Mid-South to purchase only Mid-South's assets and disclaim its liabilities.  (*Id.*).  Plaintiff was not a party to the sale contract.  (*Id.*).

---

[2] Plaintiff's case against Mid-South will be referred to hereafter as "*Henderson I*."

Following a bench trial, another judge in this district found Mid-South liable for race discrimination and violations of the FMLA.  *See Henderson I* at Doc. 58.  The court awarded back pay from September 12, 2012, through December 7, 2012, including interest.  *Id.*  Plaintiff was further awarded liquidated and compensatory damages.  *Id.*  Judgment was entered in favor of Plaintiff on her FMLA interference and race discrimination claims for a total of $18,948.62.  *See id.* at Doc. 63.  Later, she was awarded attorneys' fees and costs for a total of $194,782.15.  *See id.* at Doc. 69.  Plaintiff continues to seek discovery as to execution of the judgment.  *See id.* at Doc. 75.

Plaintiff seeks: (1) a declaration that Defendant's predecessor violated the FMLA; (2) a permanent injunction enjoining Defendant from continuing these violations; (3) an order requiring Defendant to make Plaintiff whole; and (4) such other relief as the cause of justice may require, including but not limited to attorneys' fees and expenses.  (Doc. 17-1 at 9).

## II.   STANDARD OF REVIEW

Defendant moves for dismissal pursuant to Rules 12(b)(1) (subject matter jurisdiction), 12(b)(6) (failure to state a claim), and 12(b)(7) (failure to join a necessary party under Rule 19) of the *Federal Rules of Civil Procedure*.

### A.  Rule 12(b)(1)—Subject Matter Jurisdiction

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction are asserted on either facial or factual grounds.  *Carmichael v. Kellogg, Brown & Root Svcs., Inc.* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).  Facial challenges are based solely on the allegations in the complaint, and as with a motion to dismiss under Rule 12(b)(6), the court must accept the complaint's allegations as true.  *Id.*

### B. Rule 12(b)(6)—Failure To State A Claim

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1, (2002); *see also Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex. rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Jackson*, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply are "not entitled to [an] assumption

of truth." *Iqbal*, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

### C.  Rule 12(b)(7)—Failure To Join A Necessary Party

Rule 12(b)(7) calls for dismissal of an action when the plaintiff has failed to join an indispensable party under Rule 19. FED. R. CIV. P. 12(b)(7). Rule 19 sets forth a two-part analysis. *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). First, the court determines whether the party in question should be joined—*i.e.*, whether that person is a "necessary party." *Id.* A person is a necessary party where:

> A. in that person's absence, the court cannot accord complete relief among existing parties; or
> B. that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). If a person who is necessary has not been joined, the court "must order that the person be made a party." *Id*. If the necessary person cannot be joined, the court analyzes the factors outlined in Rule 19(b) to determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed." *Laker*, 182 F.3d at 847 (quoting Rule 19(b)).

### D.  FMLA Liability

Liability may be imposed under the FMLA against an "employer" who denies the rights created by that statute. 29 U.S.C. § 2617(a)(1). This includes damages as well as equitable relief. *Id.* "Employer" is defined by the FMLA to include "any successor in interest of an

5

employer," as well as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii). The FMLA itself does not define the term "successor in interest," and the Eleventh Circuit has not yet provided guidance on the term. *Wright v. Sandestin Investments, LLC*, 914 F. Supp. 2d 1273, 1279 (N.D. Fla. December 12, 2012). However, the applicable labor regulation sets forth factors for determining whether an entity is a "successor in interest." *Id.* 29 C.F.R § 825.107 states:

> For purposes of FMLA, in determining whether an employer is covered because it is a "successor in interest" to a covered employer, the factors . . . to be considered include:
>
> 1. Substantial continuity of the same business operations;
> 2. Use of the same plant;
> 3. Continuity of the work force;
> 4. Similarity of jobs and working conditions;
> 5. Similarity of supervisory personnel;
> 6. Similarity in machinery, equipment, and production methods;
> 7. Similarity of products or services; and
> 8. The ability of the predecessor to provide relief.

29 C.F.R. § 825.107(a). Further, "[n]otice may be relevant . . . in determining successor liability for violations of the predecessor." *Id.* In deciding whether a successor in interest exists, "the entire circumstances are to be viewed in their totality." *Id.*

When courts evaluate a successor liability claim under the FMLA, the regulation's factors are part of an "overarching, three part test considering the equities of imposing a particular legal obligation on a successor." *Wright*, 914 F. Supp. 2d at 1279 (quoting *Grace v. USCAR*, 521 F.3d 655, 672 (6th Cir. 2008)). In applying the multi-factor test set out in the regulations, courts should consider (1) the employee's interests, (2) the employer's interests, and (3) the federal policy goals of the statute. *Grace*, 521 F.3d at 672.

### III.  ANALYSIS

#### A.  <u>Subject Matter Jurisdiction</u>

##### 1.  <u>Standing</u>

First, Defendant asserts a facial challenge to subject matter jurisdiction, arguing that Plaintiff cannot establish standing. (Doc. 7 at 5-6). To show standing, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). The alleged injury must be "concrete or particularized, as well as actual or imminent" and there must be a "causal connection between the injury and the conduct complained of—the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Defendant argues Plaintiff's injuries can only be traced to Mid-South and she is, thus, unable to show they are "fairly traceable" to Defendant. (*Id.* at 5). This argument fails because the FMLA provides for successor liability and Plaintiff has adequately alleged a basis for Defendant's liability under this theory of recovery.

Plaintiff has pled an imminent injury by alleging that "Mid-South likely has little or no ability to provide relief" for the judgment. (Doc. 17-1 at 5). Plaintiff further alleges Mid-South's conduct was known to Defendant at the time of the sale, and Defendant unsuccessfully attempted to disclaim liability for the violations when it purchased Mid-South's assets. (Doc. 17-1 at ¶¶ 12, 26-28). Therefore, Plaintiff has adequately set out allegations which, taken as true, present a substantial likelihood that she will suffer an injury in the future for which Defendant may be held liable. Plaintiff has established a causal link between Defendant's conduct and her

expected injury by alleging her potential inability to recover against Mid-South is caused by the sale of Mid-South to Defendant.

Further, Plaintiff has alleged facts which would show Defendant meets the requirements for successor liability under the FMLA. (*Id.* at 7-8). Where the elements of successor liability are sufficiently pled, such a theory of recovery is enough to establish standing. *Kuhns Bros., Inc. v. Fushi Int'l, Inc.*, 2007 WL 2071622 (D. Conn. July 16, 2007). Accordingly, the court finds Plaintiff's allegations meet the requirements for standing.

    2. Ripeness

Defendant asserts Plaintiff's claim is not ripe for adjudication because it must be likely, not merely speculative, that her injury will be remedied by the court's decision. (Doc. 7 at 6). At the time Defendant made this argument, the trial had not yet occurred in *Henderson I*. (*Id.* at 7) ("Plaintiff may or may not prevail, assuming [*Henderson I*] even proceeds to trial."). Because *Henderson I* did proceed to trial and the court entered judgment in favor of the Plaintiff, this court finds Defendant's ripeness argument to be moot.

    B. **Failure To State A Claim**

        1. Statute of limitations

Defendant asserts this matter should be dismissed pursuant to Rule 12(b)(6). Defendant first argues Plaintiff cannot state a claim upon which relief may be granted because her claims are barred by the applicable statute of limitations. (Doc. 7 at 7-8).

To the extent Plaintiff asserts a direct claim against Defendant under the FMLA, the limitations period requires a plaintiff to bring suit within two years of an alleged violation, but if the violation is willful, the limitations period is extended to three years. 29 U.S.C. § 2617(c). Plaintiff alleges Mid-South acted willfully in its violation of the FMLA. (Doc. 17-1 at ¶ 31).

Rule 9(b) states: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED R. CIV. P. 9(b).  Therefore, Plaintiff has adequately pled willfulness and the three-year limitation applies.

Plaintiff was terminated on September 14, 2012.  Plaintiff filed her EEOC charge, which alleged a violation of the FMLA, on September 27, 2012.  (Doc. 17-1 at ¶ 9).  On March 31, 2013, Mid-South was sold to Defendant.  (*Id.* at ¶ 11).  Defendant was on notice of Plaintiff's allegations as of the sale date because her EEOC charge and its contents were disclosed as a routine part of the sale.  (*Id.* at ¶ 13).  Plaintiff's termination constitutes the FMLA violation underlying her complaint.  (*Id.* at ¶ 29).  Plaintiff filed *Henderson I* on June 25, 2013, and the instant action was filed on September 3, 2015.  Because Plaintiff alleges the violation occurred on September 14, 2012, and was willful, this action was within the three-year statute of limitations when it was filed on September 3, 2015.  Accordingly, Defendant's motion is due to be denied as to the statute of limitations.

To the extent Plaintiff seeks a declaration as to Defendant's obligations as a successor to Mid-South, the FMLA's statute of limitations was satisfied in *Henderson I* and does not operate to bar declaratory relief.  It is clear *Henderson I* was filed approximately nine months after Mid-South terminated Plaintiff.  Thus, *Henderson I* was timely under any applicable limitation period.  Plaintiff's action for declaratory relief is based upon liability which was established as the result of a timely-filed suit.  Put another way, the FMLA liability established in *Henderson I* provides the factual background giving rise to Plaintiff's need for a declaration of the court as to the "rights and other legal relations" between her and Defendant.  28 U.S.C. § 2201.  The Declaratory Judgments Act has no statute of limitations.  To the contrary, it contemplates

9

imposing "[f]urther necessary or proper relief" above and beyond a mere declaration and requires only "reasonable notice and hearing."  28 U.S.C. § 2202.

Because *Henderson I* was timely filed, the court sees no reason to bar declaratory relief here.  Defendant has provided no authority for the court to impose the FMLA's limitations period to a request for declaratory relief, and the court has found none.  Accordingly, the motion to dismiss pursuant to the statute of limitations is due to be denied.

2. <u>Failure to plead sufficient facts under any FMLA theory</u>

Next, Defendant argues this action should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to allege facts sufficient to provide relief under any FMLA theory.  (Doc. 7 at 9-10).  In advancing this argument, Defendant relies on the suggestion Plaintiff would be unable to prove Mid-South's liability, even assuming Defendant is required to "stand in [Mid-South's] shoes." (*Id.* at 9).  Mid-South's violations of the FMLA have since been adjudicated in *Henderson I*.  Because Mid-South was found liable for violating the FMLA, the court finds this argument to be moot.

3. <u>Failure to plead sufficient facts to establish successor liability</u>

Finally, Defendant asserts Plaintiff has failed to state a claim because Defendant is not a successor in interest to Mid-South.  (Doc. 7 at 10-13).  Plaintiff has alleged facts which, if true, would meet the test for successor liability under the regulatory factors promulgated pursuant to the FMLA and the three-part test previously applied by another court in this circuit.  29 C.F.R. §825.107(a); *see also Wright*, 914 F. Supp. 2d at 1279.

With regard to the factors enumerated in the applicable regulation at 29 C.F.R. § 825.107(a), Plaintiff alleges: Koller has "maintained substantial continuity of the same business operations in the same plant" (factors one and two); "maintained substantial continuity of the

work force, with similar jobs and similar working conditions, supervised by many of the same supervisory personnel" (factors three, four, and five); "continues to use similar machinery, equipment, and production methods to produce similar products as those produced by Mid-South" (factors six and seven); and finally, "Mid-South, on information and belief, is unable to provide relief" (factor eight). (Doc. 17-1 at 8). These allegations, if true, would permit the court to evaluate the competing interests of the parties in light of the federal policy goals of the statute. Accordingly, Plaintiff has sufficiently alleged Defendant's liability as a successor to Mid-South.

### C. **Failure To Join A Necessary Party**

Finally, Defendant asserts Plaintiff's suit should be dismissed pursuant to Rule 12(b)(7) because Mid-South, whom she has failed to join, is a necessary party under Rule 19. (Doc. 7 at 13-15). Insofar as Plaintiff seeks only to hold Defendant liable as a successor in interest for whatever portion of the judgment Mid-South cannot satisfy, Mid-South is not an "indispensable" party because the relief requested only affects Defendant.

It may be, as Defendant argues, that Mid-South's contractual relationship with Defendant is implicated by this litigation, making it an indispensable party under Rule 19(a)(1)(B). (Doc. 7 at 14). However, because the nature of that contractual relationship has not yet been established, dismissal on the basis of this argument would be premature. In the event it is revealed that disposing of this action in Mid-South's absence would impair Mid-South's ability to protect its interests or leave Defendant at substantial risk of incurring multiple or otherwise inconsistent obligations, the court will order Mid-South's joinder at that time.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 6) is **DENIED**. The parties are **REMINDED** of the court's previous order (Doc. 31) that they confer and submit a proposed scheduling order within twenty-one (21) days of the entry of this order.

**DONE** this 10th day of March, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE